KEKER & VAN NEST LLP
MICHAEL D. CELIO - # 197998
mcelio@kvn.com
BENEDICT Y. HUR - # 224018
bhur@kvn.com
JUSTINA SESSIONS - # 270914
jsessions@kvn.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:      415 391 5400
Facsimile:      415 397 7188

Attorneys for Defendant
FACEBOOK, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOSE PALOMINO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FACEBOOK, INC., a Delaware corporation, and DOES 1-50, inclusive,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL**<br><br>[28 U.S.C. §§ 1332, 1446, 1453—Class Action Fairness Act]<br><br>[Removed from San Mateo Superior Court, Case No. 16CIV00138]<br>Date Filed:      June 24, 2016 |

1077481

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1446 and 1453, Defendant Facebook, Inc. ("Facebook") hereby removes the action entitled *Palomino v. Facebook, Inc.*, San Mateo County Superior Court Docket No. 16CIV00138, on the grounds stated below.  Copies of this Notice of Removal are being served on Plaintiff's counsel and filed with the Clerk of the San Mateo County Superior Court, as required under 28 U.S.C. § 1446(d).

True and correct copies of the complaint and all other process, pleadings, and orders filed and served in the state-court action are attached to this Notice, as required under 28 U.S.C. § 1446(a).  *See* Declaration of Justina K. Sessions ("Sessions Decl.") Exs. A-B.

**I.     INTRODUCTION**

1.     This is a purported class action removable to federal court under the Class Action Fairness Act of 2005 ("CAFA").  Under CAFA, United States district courts have original jurisdiction over purported class actions in which class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d).

2.     These criteria are met in this case.  There is diversity between the putative class (consisting solely of New Jersey residents who have Facebook accounts) and defendant Facebook (a Delaware corporation headquartered in California).  The putative class in this case consists of over 100,000 individuals, each allegedly entitled to $100 in statutory penalties, thus exceeding CAFA's statutory minimums.  Accordingly, removal is appropriate here.

**II.     THE COMPLAINT**

3.     Plaintiff alleges that Facebook's "Statement of Rights and Responsibilities" (which he refers to as "Terms of Service") contains provisions that violate established rights of New Jersey residents and states in non-particularized fashion that they may be void or unenforceable in some jurisdictions in violation of the New Jersey Truth-in-Consumer Contract, Warranty & Notice Act ("TCCWNA").  N.J. Stat. Ann. § 56:12-14 *et seq.*; Complaint [Sessions Decl. Ex. B] ¶¶ 1-7, 37-48.

4.      Plaintiff styled this case a "Class Action" and seeks to represent and have certified a class "of all New Jersey residents who created a Facebook account, and/or who, agreed to the Terms of Service within the applicable statute of limitations."  Complaint ¶ 49.  He claims that TCCWNA mandates statutory damages of $100 for each class member.  *Id.* ¶¶ 57-64.

**III.    GROUNDS FOR REMOVAL**

5.      "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  This Court has original jurisdiction over this case under CAFA, which provides, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which—
> (A)     any member of a class of plaintiffs is a citizen of a State different from that of any defendant.

28 U.S.C. § 1332(d)(2).  CAFA subsection (d)(5)(B) further requires that the putative class include 100 or more people.  As set forth more fully below, Facebook may remove this case to this Court because (1) this case is asserted to be a "class action" as defined under CAFA; (2) the putative class includes at least 100 people; (3) the matter in controversy exceeds $5,000,000; (4) at least one member of the putative class is a citizen of a State different from the defendant; and (5) this Notice of Removal is timely filed.

**A.      This case is a "class action" under CAFA.**

6.      CAFA permits removal of "class actions," a term defined as including "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  Plaintiff styles his complaint as a class action under California Code of Civil Procedure § 382.  Complaint ¶ 49.  The case thus constitutes a class action under CAFA.  Complaint ¶¶ 49-56; *Bodner v. Oreck Direct, LLC*, No. C 06-04756, 2006 WL 2925691, at *3 (N.D. Cal. Oct. 12, 2006).

**B.      The putative class has more than 100 members.**

7.      A class action is removable under CAFA if the "number of members of all proposed plaintiff classes" is greater than or equal to 100.  28 U.S.C. § 1332(d)(5)(B).  The purported class exceeds 100 members.  Plaintiff alleges that the putative class includes "hundreds, if not thousands of New Jersey residents."  Complaint ¶ 50.  The purported class is thus sufficiently numerous for CAFA removal.

**C.      Plaintiff and Facebook are citizens of different states.**

8.      CAFA requires that one class member be of diverse citizenship from at least one defendant.  28 U.S.C. § 1332(d)(2)(a).  Facebook is incorporated in Delaware and has its principal place of business in California.  Complaint ¶ 9; Sessions Decl. Ex. C.  Facebook is therefore a citizen of Delaware and California.  *See* 28 U.S.C. § 1332(c)(1) (providing that, for diversity jurisdiction purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").  Plaintiff is a citizen of New Jersey.  Complaint ¶¶ 1, 11.  Thus, CAFA's diversity requirement is satisfied because Plaintiff and Facebook are citizens of different states.

**D.      The amount in controversy exceeds $5,000,000.**

9.      A class action is removable under CAFA if the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(2).  In determining whether this threshold is met, "the claims of the individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

10.      The amount-in-controversy requirement is met here.  Although Facebook denies that Plaintiff is entitled to any relief, the total amount allegedly at stake exceeds $5,000,000.  Well over 100,000 people who use Facebook have self-identified as currently living in New Jersey.  Declaration of Jason Wei ("Wei Decl.") ¶ 2.  Moreover, there are surely other people who use Facebook and live in New Jersey but have not so self-identified.  Plaintiff alleges each putative class member is entitled to a statutory penalty of $100.  Complaint ¶ 64; N.J. Stat. Ann. § 56:12-17.  Aggregated, the amount in controversy thus exceeds $5,000,000.  *See Watkins v.*

*Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) (declaration that total sales of product exceeded $5,000,000 sufficient to satisfy amount-in-controversy requirement).

      **E.     None of CAFA's exceptions applies.**

      11.     None of CAFA's exceptions to federal jurisdiction applies in this case.  Because the putative class consists entirely of people who live in New Jersey, the "home state" and "local controversy" exceptions of 28 U.S.C. §1332(d)(3) and (d)(4) do not apply.  Subsection (d)(5) does not apply because no state or governmental entity is a defendant and the proposed plaintiff class exceeds 100 members.

      **F.     Facebook's removal is timely.**

      12.     A notice of removal must be filed within 30 days after the defendant was served with a complaint or summons.  *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999).  Facebook was served on June 27, 2016.  *See* Sessions Decl. ¶ 2.  Thus, Facebook may remove this action on or before July 27, 2016.

**IV.    VENUE AND INTRA-DISTRICT ASSIGNMENT**

      13.     Removal venue lies in this Court because the case is pending in San Mateo County.  28 U.S.C. §§ 84(a), 1441(a).  The case is properly assigned to the San Francisco Division because a substantial part of the events or omissions giving rise to this action took place in San Mateo County, where Facebook is headquartered.  Civ. L.R. 3-2(c), (d).

**V.    PRESERVATION OF DEFENSES**

      14.     Facebook expressly reserves all of its defenses.  By way of non-limiting example, Facebook denies that Plaintiff has adequately stated a claim for relief, and Facebook further denies that it has any liability to Plaintiff or the putative class.

//

//

//

//

//

//

1077481

WHEREFORE, Facebook respectfully removes this action from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California, San Francisco Division, pursuant to 28 U.S.C. §§ 1332, 1446 and 1453.

Dated:  July 27, 2016                                                    KEKER & VAN NEST LLP


                                                           By:   /s/ Michael D. Celio
                                                                 MICHAEL D. CELIO
                                                                 BENEDICT Y. HUR
                                                                 JUSTINA SESSIONS

                                                                 Attorneys for Defendant
                                                                 FACEBOOK, INC.

5
NOTICE OF REMOVAL
Case No. _____

1077481