UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE PALOMINO, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>FACEBOOK, INC.,<br><br>   Defendant. | Case No. 16-cv-04230-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**<br><br>Re: Dkt. No. 22 |

Pending before the Court is a motion to dismiss the first amended complaint ("FAC") brought by Defendant Facebook, Inc. Dkt. No. 22. Having considered Defendant's motion, Plaintiffs' opposition, and all related papers, the Court finds the matter appropriate for decision without oral argument. *See* Civil L.R. 7-1(b). For the reasons below, the Court GRANTS the motion to dismiss.

## I. BACKGROUND

On September 19, 2016, Plaintiffs Jose Palomino and Jason Huhn filed the FAC against Defendant Facebook, Inc., asserting two claims for violation of New Jersey's Truth-in-Consumer Contract, Warranty, and Notice Act (the "TCCWNA"), N.J.S.A. §§ 56:12-15 and 56:12-16. Dkt. No. 15 ("FAC"). Plaintiffs purport to represent a class of all "similarly situated New Jersey residents who created a Facebook account, and/or who agreed to [Facebook's] Terms of Service within the applicable statute of limitations." *See id.* ¶ 63.

For the purpose of deciding this motion, the Court accepts the following as true: Defendant operates www.facebook.com ("Facebook"), "a popular social networking website that allows registered users to create profiles, upload photos and video, send messages and keep in touch with friends, family and colleagues." *Id.* ¶ 3. Defendant "generates billions of dollars in

revenues from advertising through the appropriation of the names, photographs, likenesses and identities of Plaintiffs and other consumers." *Id.* In order to access Facebook's website, users must create a Facebook account and agree to Facebook's Terms of Service. *Id.* ¶ 4. Facebook's Terms of Service contain a California choice-of-law provision, stating that "[t]he laws of the State of California will govern [the Terms of Service], as well as any claim that might arise between [a user] and [Defendant], without regard to conflict of law provisions." *Id.* ¶ 60. The Terms of Service also contain provisions that purport to "1) disclaim liability for claims brought for Defendant's negligent, willful, malicious and wanton misconduct; 2) bar claims for personal and economic injury and punitive damages; and 3) ban consumers from asserting claims against Defendant for deceptive and fraudulent conduct." *Id.* ¶ 5. Finally, the Terms of Service provide that the above limitations on liability may be inapplicable in certain jurisdictions, without specifying whether the limitations are applicable in New Jersey. *Id.* ¶ 7.

According to Plaintiffs, Facebook's Terms of Service violate two provisions of the TCCWNA. First, Plaintiffs assert that the Terms of Service violate § 56:12-15 of the TCCWNA, which provides:

> No seller, lessor, creditor, lender or bailee shall in the course of his business offer to any consumer or prospective consumer or enter into any written consumer contract or give or display any written consumer warranty, notice or sign after the effective date of this act which includes any provision that violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee as established by State or Federal law at the time the offer is made or the consumer contract is signed or the warranty, notice or sign is given or displayed.

*Id.* ¶¶ 71-77. Second, Plaintiffs contend that Facebook's Terms of Service violate §56:12-16, which states that a consumer contract, warranty, notice, or sign, cannot cause a consumer to waive his rights under the TCCWNA and that "[n]o consumer contract, notice or sign shall state that any of its provisions is or may be void, unenforceable or inapplicable in some jurisdictions without specifying which provisions are or are not void, unenforceable or inapplicable within the State of New Jersey." *Id.* ¶¶ 78-81.

**II.   DISCUSSION**

On October 14, 2016, Defendant filed the currently pending motion to dismiss Plaintiffs'

2

FAC. Dkt. No. 22. Defendant moves to dismiss on two independent grounds: (1) Plaintiffs agreed to Facebook's Terms of Service containing a California choice-of-law provision, and thus California law, and not New Jersey's TCCWNA, governs the parties' relationship and (2) even if New Jersey law could apply to this action, Plaintiffs cannot state a claim under the TCCWNA because Defendant is not a "seller" and Plaintiffs are not "consumers" as defined by the statute. *See* Dkt. No. 22 at 3-4.

### A. Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). If dismissal is appropriate under Rule 12(b)(6), a court "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (quotation marks and citation omitted).

### B. Analysis

The Court begins its analysis with Defendant's argument that the Terms of Service contain

an enforceable California choice-of-law clause, and thus the TCCWNA is inapplicable. Because the Court agrees that the California choice-of-law clause is enforceable, it need not address Defendant's alternate argument that Plaintiffs fail to state a claim under the TCCWNA.

### i. The Choice-of-Law Clause Governs this Dispute

First, the Court must determine whether the California choice-of-law clause encompasses this suit. "A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 582 (2013). The California Supreme Court has held that "a valid choice-of-law clause, which provides that a specified body of law 'governs' the 'agreement' between the parties, encompasses all causes of action arising from or related to that agreement, regardless of how they are characterized, including tortious breaches of duties emanating from the agreement or the legal relationships it creates." *Nedlloyd Lines B.V. v. Superior Court*, 3 Cal. 4th 459, 470 (1992).

Here, Plaintiffs concede that they agreed to Facebook's Terms of Service providing that "[t]he laws of the State of California will govern [the Terms of Service], as well as any claim that might arise between [a user] and [Defendant], without regard to conflict of law provisions." FAC ¶ 60. Under the unambiguous language of *Nedlloyd*, the California choice-of-law clause encompasses Plaintiffs' claims because they arise from or relate to the Terms of Service. *See Nedlloyd*, 3 Cal. 4th at 470.

### ii. The Choice-of-Law Clause is Enforceable

Having determined that Plaintiffs' claims fall within the scope of the choice-of-law clause, the Court must decide whether the clause is enforceable as to Plaintiffs' claims. California has a "strong policy favoring enforcement of" choice-of-law provisions. *Id.* at 465. In analyzing the enforceability of a choice-of-law clause, the Court must first determine "(1) whether the chosen state has a substantial relationship to the parties or their transaction, or (2) whether there is any other reasonable basis for the parties' choice of law." *Washington Mut. Bank, FA v. Superior Court*, 24 Cal. 4th 906, 916 (2001). If either test is met, "the parties' choice generally will be enforced unless" the party asserting the law of an alternate state "can establish both that the chosen law is contrary to a fundamental policy" of the alternate state and that the alternate state "has a

4

materially greater interest in the determination of the particular issue." *Id.* at 917; *see also* Restatement (Second) of Conflict of Laws § 187 (1971).

### a. California Has a Substantial Relationship to the Parties

The Court finds that the first requirement to enforce the California choice-of-law clause is met. California has a substantial relationship to the parties because "Defendant is headquartered in California and maintains its principal place of business in California," FAC ¶ 12. *See In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155 (N.D. Cal. 2016) (finding substantial relationship to, and reasonable basis for, California choice-of-law clause because Facebook has its principal executive offices and corporate headquarters in California); *see also Estrella v. Freedom Fin. Network, LLC*, No. C 09-03156 SI, 2010 WL 2231790, at *5 (N.D. Cal. June 2, 2010) (finding California had a substantial relationship to the parties and the transaction because the defendant was headquartered in California and had its principal place of business in California).

### b. California Law is Not Contrary to Fundamental New Jersey Policy

Because the Court has found that California has a substantial relationship to the parties, the burden shifts to Plaintiffs to show that application of California law would violate fundamental New Jersey policy. *Ridenhour v. UMG Recordings, Inc.*, No. C 11-1613 SI, 2012 WL 463960, at *3 (N.D. Cal. Feb. 13, 2012). The Court finds that Plaintiffs have failed to carry their burden.

The New Jersey Supreme Court has explained that the purpose of the TCCWNA "is to prevent deceptive practices in consumer contracts by prohibiting the use of illegal terms or warranties in consumer contracts." *Shelton v. Restaurant.com, Inc.*, 214 N.J. 419, 428 (2013) (quoting *Kent Motor Cars, Inc. v. Reynolds & Reynolds, Co.*, 207 N.J. 428, 457 (2011)). Plaintiffs further allege that the TCCWNA is meant to "prevent confusion and deception among consumers as to both their legal rights, and the responsibilities of businesses" and to "incentivize businesses to draft documents that are clear and understandable to all consumers, and that plainly explain the legal rights of consumers and the legal responsibilities of businesses." *See* FAC ¶¶ 3, 18. According to Plaintiffs, the TCCWNA seeks to protect New Jersey's fundamental policy of "protecting consumers from unequal bargaining power and any illegal and misleading terms that

5

arise out of such relationships." *See* Dkt. No. 28 at 5.

Even assuming *arguendo* that the TCCWNA's goal of protecting consumers from deceptive practices and unequal bargaining power constitutes fundamental New Jersey policy, Plaintiffs have failed to show that California's consumer protection law is contrary to New Jersey policy. As an initial matter, California's consumer protection laws have been recognized as "among the strongest in the country." *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 242 (Cal. Ct. App. 2001). More specifically, California's Consumer Legal Remedies Act ("CLRA") declares it unlawful for a business to "[r]epresent[] that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law" or to "[i]nsert[] an unconscionable provision in [a] contract." Cal. Civ. Code § 1770 (a)(14), (a)(19). Additionally, California makes unlawful the dissemination of any "untrue or misleading" statements in connection with the advertising or sale of goods or services. Cal. Bus. & Prof. Code § 17500. And, unlike the TCCWNA, California law proscribes unfair and fraudulent business practices in addition to illegal terms or warranties. *See* Cal. Bus. & Prof. Code § 17200. In light of California's broad consumer protection laws, the Court finds that California laws, like the TCCWNA, seek to prevent confusion and deception among consumers and to incentivize businesses to draft clear and understandable business documents.

Notwithstanding California's extensive body of consumer protection law, Plaintiffs maintain that the California choice-of-law clause is contrary to fundamental New Jersey policy for two main reasons: (1) for the reasons discussed by the court in *In re Facebook Biometric Info. Privacy Litig.*, 185 F. Supp. 3d 1155 (N.D. Cal. 2016), the enforcement of the choice-of-law provision "would effectively write out of existence New Jersey's fundamental policy of protecting its citizens from illegal contract terms" and (2) California law does not "provide the same protections as the TCCWNA" or "afford Plaintiffs the same rights." *See* Dkt. No. 28 at 5-6. The Court is unpersuaded.

As to Plaintiffs' first argument, the Court finds that the legal issue presented in *In re Facebook Biometric Info. Privacy Litig.* is distinguishable from the consumer protection laws at issue here. In *In re Facebook Biometric Info. Privacy Litig.*, the court found that if it were to

enforce the California choice-of-law clause over Illinois's Biometric Privacy Act ("BIPA"), "the Illinois policy of protecting its citizens' privacy interests in their biometric data . . . would be written out of existence" because California has "no law or policy equivalent to BIPA." 185 F. Supp. 3d at 1155. As stated above, California not only has its own robust body of consumer protection law that strives to prevent consumer deception by prohibiting unlawful business practices and unconscionable contract provisions, but California law arguably goes further than the TCCWNA by also proscribing unfair or fraudulent business practices. Accordingly, the Court finds that the TCCWNA and California consumer protection law aim to accomplish the same end, and thus California law is not contrary to fundamental New Jersey policy.

Plaintiffs' next argument that California law is contrary to fundamental New Jersey policy because it affords different rights and remedies also misses the point. Courts should not "refrain from applying the chosen law merely because this would lead to a different result than would be obtained under" New Jersey law. *See* Restatement (Second) of Conflict of Laws § 187 (1971); *see also Rojas-Lozano v. Google, Inc.*, 159 F. Supp. 3d 1101, 1112 (N.D. Cal. 2016) ("Plaintiff has not cited any case in which a California court refused to apply California law pursuant to a valid contractual choice of law provision because California law offered fewer protections than another state's law."). Rather, the inquiry is whether California consumer protection law is contrary to New Jersey's arguably fundamental policy of protecting consumers from confusion and deception caused by businesses. The Court finds that it is not.

\*   \*   \*

Because California has a substantial relationship to Defendant and California law is not contrary to fundamental New Jersey policy, the Court holds that the California choice-of-law clause is enforceable. Accordingly, the Court GRANTS Defendant's motion to dismiss because the TCCWNA does not govern the Terms of Service.[1]

---

[1] In light of the Court's holding that California law is not contrary to fundamental New Jersey policy, the Court need not address whether California or New Jersey has a materially greater interest in the determination of this action.

### III. CONCLUSION

The Court finds that the California choice-of-law clause in Facebook's Terms of Service is enforceable and GRANTS Defendant's motion to dismiss the complaint. Any amendment would be futile given the Court's resolution of this question of law, and thus the complaint is dismissed with prejudice. *See Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir.) *amended*, 856 F.2d 111 (9th Cir. 1988). The clerk shall enter judgment in favor of Defendant and close the case. Both parties shall bear their own costs of suit.

**IT IS SO ORDERED.**

Dated: January 9, 2017

HAYWOOD S. GILLIAM, JR.
United States District Judge